IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARRELL WILLIAM WHEELER, individually; DARRELL WILLIAM WHEELER, an American with a disability; PAULINE ELLIS, individually and in her capacity as guardian for Darrell William Wheeler and former Hilo Employee, <br><br> Plaintiffs, <br><br> vs. <br><br> HILO MEDICAL CENTER, INC., a public entity, et. al, <br><br> Defendants. | ) CIVIL NO. 09-00533 JMS/KSC <br> ) <br> ) ORDER DENYING DEFENDANT <br> ) CABANTING'S MOTION TO <br> ) DISMISS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER DENYING DEFENDANT CABANTING'S MOTION TO DISMISS

## I. INTRODUCTION

On November 5, 2010, Plaintiffs Darrell William Wheeler

("Wheeler") and Pauline Ellis ("Ellis") (collectively, "Plaintiffs") filed a

Complaint against various Defendants alleging, among other things, that

Defendants Daniel Vea ("Vea") and Levy Cabanting ("Cabanting")[1] assaulted

Wheeler.  On April 27, 2010, the court issued an Order (the "April 27 Order")

dismissing Ellis' claims for lack of standing, dismissing several of Plaintiff's

---

[1] Cabanting was improperly named in the caption as "Levi Cabuntine."

claims for failure to state a claim, and granting summary judgment to various Defendants not including Cabanting or Vea.

Now before the court is Cabanting's Motion to Dismiss. Cabanting contends that Wheeler fails to state a claim upon which relief can be granted because, among other reasons, Wheeler's claims are time barred. The applicable statutes of limitations have apparently been tolled, however, as a result of Cabanting's criminal conviction and incarceration. As a result, the court DENIES Cabanting's Motion to Dismiss.

## II. <u>BACKGROUND</u>

### A.      Factual Background

On October 26, 2002, Vea and Cabanting allegedly hit Wheeler on the back of the head with a rock, which resulted in a head injury to Wheeler. First Amended Complaint ("FAC") ¶ 19. Thereafter, Vea and Cabanting were prosecuted, found guilty, and sentenced to prison for their conduct. *Id*. ¶ 22. Although the record is silent as to specifics regarding Vea, Cabanting was found guilty of Assault in the First Degree, a Class B felony, in violation of Hawaii Revised Statute ("HRS") § 707-710(1). FAC Ex. E. Cabanting was sentenced to ten years incarceration and ordered to pay $172,152.00 in restitution jointly and severally with Vea. *Id*.

**B.      Procedural Background**

Plaintiffs filed the Complaint on November 5, 2009 and the FAC on December 30, 2009.  The April 27 Order (1) dismissed Ellis' claims for lack of standing; (2) dismissed Wheeler's RICO claim (Count VII); (3) dismissed Wheeler's claim for defamation, violations of the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320 *et seq*. ("HIPAA"), and California's Confidentiality of Medical Information Act of 1981 (Count VI); and (4) granted summary judgment on all remaining claims to various Defendants not including Cabanting or Vea.  Following the April 27 Order, the following counts remain as to Cabanting: assault and battery (Count III), intentional infliction of emotional distress ("IIED") (Count IV), false imprisonment (Count V), negligence (Count VIII), and negligent infliction of emotional distress ("NIED") (Count IX).

On April 9, 2010, Cabanting filed his Motion to Dismiss.  Wheeler failed to file an Opposition and, as a result, Cabanting did not file a Reply.  Pursuant to Local Rule 7.2(d), the court finds the issues presented suitable for disposition without a hearing.

## III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. At 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8.  *Id.* at 1950.

## IV.  DISCUSSION

Cabanting contends that Wheeler's claims against him must be dismissed because they are barred by the applicable statutes of limitations and

Cabanting is not a state actor.[2]

Pursuant to HRS § 657-21.5, the statutes of limitations on Wheeler's causes of action against Cabanting have been tolled.  HRS § 657-21.5 provides:

> Notwithstanding any law to the contrary, for any victim of a particular crime, for surviving immediate family members of a victim, or for the estate of a victim, the statute of limitations for any civil cause of action against a person convicted of that crime shall be tolled from the moment the civil cause of action arises until the person convicted of that crime is released from imprisonment, released from parole, or released from probation and is no longer under the jurisdiction of the court for that crime, if:
>
> > (1) The crime upon which the civil action is based is a felony; or
> >
> > (2) The victim of the crime upon which the civil action is based is the victim of a "sexually violent offense" or a "criminal offense against a victim who is a minor", as defined by section 846E-1.

HRS § 657-21.5 applies to the present case because Cabanting was convicted of Assault in the First Degree, a Class B felony, for his conduct in injuring Wheeler.

Given that Cabanting is apparently still imprisoned on account of this conviction,[3]

---

[2]  Additionally, Cabanting contends that he owed no duty to Ellis.  The court does not consider Cabanting's arguments concerning Ellis, however, because the court already dismissed Ellis' claims for lack of standing.  *See* April 27 Order, Doc. No. 116.

[3]  Cabanting lists his return address as "1252 E. Arica Rd., Eloy, Arizona 85131" -- the address of Saguaro Correctional Facility.

the applicable statutes of limitations continue to be tolled.  Accordingly, Wheeler's claims against Cabanting are not time barred.

Cabanting's contention that he is not a state actor is similarly unavailing.  Although Wheeler asserted § 1983 claims against some Defendants, he did not allege these claims against Cabanting.  The fact that Cabanting is not a state actor is irrelevant to Wheeler's claims for assault and battery, IIED, false imprisonment, negligence, and NIED.

In sum, the court finds that Cabanting has not shown that Wheeler fails to state a claim upon which relief can be granted.

## V.  **CONCLUSION**

Based on the above, the court DENIES Cabanting's Motion to Dismiss.  The claims remaining are:

1.     Count I as to Schurra, Smith, Yu, and Richard Roe;

2.     Count II as to Schurra and Hawaii Air Ambulance;

3.     Count III as to Schurra, Smith, Hawaii Air Ambulance, Yu, Richard Roe, Cabanting, and Vea;

4.     Count IV as to Schurra, Smith, Hawaii Air Ambulance, Yu, Richard Roe, Cabanting, and Vea;

5.     Count V as to Schurra, Smith, Hawaii Air Ambulance, Yu, Richard

Roe, Cabanting, and Vea;

6.    Count VIII as to Schurra, Smith, Hawaii Air Ambulance, Yu, Richard Roe, Cabanting, and Vea; and

7.    Count IX as to Schurra, Smith, Hawaii Air Ambulance, Yu, Richard Roe, Cabanting, and Vea.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 7, 2010.



_/s/ J. Michael Seabright_____
J. Michael Seabright
United States District Judge

*Wheeler v. Hilo Med. Ctr.*, Civ. No. 09-00533 JMS/KSC, Order Denying Defendant Cabanting's Motion to Dismiss