IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARRELL WILLIAM WHEELER, individually; DARRELL WILLIAM WHEELER, an American with a disability; PAULINE ELLIS, individually and in her capacity as guardian for Darrell William Wheeler and former Hilo Employee,<br><br>        Plaintiffs,<br><br>        vs.<br><br>HILO MEDICAL CENTER, INC., a public entity, et. al,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 09-00533 JMS/KSC<br><br>ORDER: (1) GRANTING DEFENDANT RONALD SCHURRA'S MOTION (DOC. NO. 135); AND (2) GRANTING DEFENDANT HAWAII AIR AMBULANCE'S MOTION (DOC. NO. 140) |

## ORDER: (1) GRANTING DEFENDANT RONALD SCHURRA'S MOTION (DOC. NO. 135); AND (2) GRANTING DEFENDANT HAWAII AIR AMBULANCE'S MOTION (DOC. NO. 140)

## I. INTRODUCTION

On November 5, 2010, Darrell William Wheeler ("Wheeler") filed a

Complaint alleging various medical malpractice and other claims arising from

Wheeler's October 26, 2002 head injury and subsequent medical treatment at

hospitals including Hilo Medical Center ("HMC").  On April 27, 2010, the court

issued an Order (1) Granting Hilo Medical Center's Motion to Dismiss,

(2) Dismissing Plaintiff Ellis' Claims for Lack of Standing, (3) Granting Moving

Defendants' Motion to Dismiss as to Counts VI and VII, and (4) Granting Moving Defendants' Motion for Summary Judgment as to Counts I - V, VIII, and IX (the "April 27 Order").  The April 27 Order disposed of all claims raised by Plaintiff Pauline Ellis for lack of standing.  The April 27 Order also disposed of all claims against Defendants Robin A. Edwards, Steven J. Garons, David Y. Nakamura, Meng-Chen Roe, Rehabilitation Hospital of the Pacific, Gerald E. Lau, Mankwan T. Wong, and Queens Medical Center.

Now before the court are Defendant Ronald Schurra's ("Schurra") Motion to Dismiss First Amended Complaint, or in the Alternative, Motion for Summary Judgment ("Schurra's Motion"), and Defendant Hawaii Air Ambulance's Motion to Dismiss Plaintiffs' First Amended Complaint, or in the Alternative, Motion for Summary Judgment ("Hawaii Air Ambulance's Motion"). In his Motion, Schurra, the CEO of HMC, argues that Wheeler's claims against him are barred by the Eleventh Amendment.  Both Schurra and Hawaii Air Ambulance further argue that Wheeler fails to state a claim upon which relief can be granted and that Wheeler's claims are time-barred.  The court agrees and, for the following reasons, GRANTS Schurra's Motion and Hawaii Air Ambulance's Motion.

## II.  BACKGROUND

**A.     Factual Background**

The full facts are set out in the April 27 Order.  The following facts

are material to this Order:

On October 26, 2002, Wheeler suffered a head injury and he thereafter

received treatment at HMC from October 26, 2002 until October 30, 2002.  First

Amended Complaint ("FAC") ¶¶ 21, 22, 36, 49.  Wheeler alleges that during his

stay at HMC, various doctors mistreated him and administered penicillin to him,

despite knowing that Wheeler was allergic to penicillin.  *Id*.

¶¶ 23, 24, 26, 29, 31, 31.

On or about October 30, 2002, Hawaii Air Ambulance transported

Wheeler from HMC to Queens Medical Center ("QMC").  *Id*. ¶ 11.  Wheeler

contends that he was transferred from HMC to QMC as a result of an agreement

among HMC officers and doctors to "patient dump" Wheeler on QMC.  *Id*. ¶¶ 38,

43.  Wheeler alleges that Hawaii Air Ambulance was complicit in this scheme and

that at the time Hawaii Air Ambulance transferred him, he was "gravely ill" and

"his eyes were bugging out of his head."  *Id*. ¶¶ 44, 45.

Following his treatment at QMC, Wheeler received treatment from the

Rehabilitation Hospital of the Pacific ("Rehab Hospital") until his release on

March 25, 2003.  *Id*. Ex. F.  Wheeler now continues to require continuous care.  *Id*.

In June 2003, a state court appointed Pauline Ellis ("Ellis") as Wheeler's legal

guardian.[1]  A report submitted to the state court in March 2003 states that Wheeler

had suffered injuries as a result of receiving penicillin and mentioned his Achilles

tendon operation.  *Id*. Ex. A, Report of the Kokua Kanawai, at 2-3.  The report

states that "[t]he purpose of this guardianship of [Wheeler's] property is to have

someone appointed to protect, investigate and pursue possible personal injury

claims that the protected person may have against the parties (including Hilo

Medical Center, the emergency room physician, unknown assailant) which have

caused his injuries."  *Id*. Ex. A, Report of the Kokua Kanawai, at 1-2.  Wheeler

alleges that "[l]ast year [he] became mentally aware that he needed to pursue a

claim for his damages and injuries."  FAC ¶ 62.

**B.      Procedural Background**

            Wheeler filed the Complaint on November 5, 2009 and the FAC on

December 30, 2009.  Following the April 27 Order, Wheeler alleges claims against

Schurra and Hawaii Air Ambulance for violations of § 1983 (Counts I and II),

assault and battery (Count III), intentional infliction of emotional distress ("IIED")

---

[1]  The court takes judicial notice of the guardianship proceedings in the Circuit Court of the Third Circuit, State of Hawaii in G. No. 03-1-0005.  *See* Doc. No. 51, Ex. A.

4

(Count IV), false imprisonment (Count V), negligence (Count VIII), and negligent infliction of emotional distress ("NIED") (Count IX).

On July 26, 2010, Schurra filed his Motion.  On August 2, 2010, Hawaii Air Ambulance filed its Motion.  Wheeler failed to file any Oppositions. Pursuant to Local Rule 7.2(d), the court finds that it can determine these Motions without a hearing.

### III.  <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Id.* at 1950.

**B.      Summary Judgment**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The burden initially lies with the moving party to show that there is no genuine issue of material fact.  *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the moving party carries its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law."

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party.  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.  <u>DISCUSSION</u>

Schurra contends that Wheeler's claims against him in his official capacity are barred by the Eleventh Amendment.  Schurra and Hawaii Air Ambulance also contend, among other things, that Wheeler's claims are time-barred.[2]  The court agrees, and addresses these arguments in turn.

## A.    **Wheeler's Claims Against Schurra in His Official Capacity Are Barred by Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Pursuant to the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state.  *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Hans v. Louisiana*, 134 U.S. 1

---

[2]  Because the court finds that Wheeler's claims are time-barred, the court does not address Schurra's other arguments for dismissal.

(1890).  Similarly, a suit for damages against state officials, in their official

capacity, constitutes a suit against the state itself and therefore is barred by the

Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).

Although state officials are literally persons, "a suit against a state official is not a

suit against the official but rather is a suit against the official's office."  *Will v.

Mich. Dep't State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S.

464, 471 (1985)).  "As such, [a suit against a state official] is no different from a

suit against the State itself."  *Id*.

          Wheeler's claims against Schurra in his official capacity as the CEO

of HMC are barred.  HMC is part of the Hawaii Health Systems Corporation and as

a result, it is an agency and instrumentality of the State of Hawaii, as provided in

Hawaii Revised Statutes ("HRS") § 323F-2(a).  HMC is entitled to the same

privileges and immunities as the State of Hawaii and, as a result, is cloaked in the

State of Hawaii's sovereign immunity.  HRS § 323F-7(c)(11).  Accordingly,

Wheeler's claims against Schurra in his official capacity as an officer of HMC are

barred by the Eleventh Amendment.  *Nye v. Hilo Med. Ctr.*, 2009 WL 2871099, at

*1 (D. Haw. Sept. 8, 2009) (adopting Findings and Recommendation that claims

against HMC barred by Eleventh Amendment immunity).

          The court therefore DISMISSES Wheeler's FAC as to Schurra in his

official capacity without leave to amend.[3]

## B.   Summary Judgment

Schurra and Hawaii Air Ambulance contend that the court should grant summary judgment on all counts because Wheeler failed to file this action within the applicable statutes of limitations.  For the reasons set forth fully in the August 27 Order and explained more briefly below, the court agrees.

### 1.   *Counts I, II, III, IV, V, and IX: § 1983 Claims, Battery, IIED, False Imprisonment, Negligent Infliction of Emotional Distress*

Wheeler's claims in Counts I, II, III, IV, V, and IX are subject to a two-year statute of limitations.  *See* HRS § 657-7.  Wheeler's claims all concern conduct that occurred prior to his discharge from Rehab Hospital on March 25, 2003, and Wheeler's claims accrued when he knew, or had reason to know, of his injuries.  *See Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992); *see also Wallace*, 549 U.S. at 391 (stating claim accrues when wrongful act results in damages).

Based on the FAC, Wheeler knew, or had reason to know, of his injuries by March 2003 when he was discharged from Rehab Hospital.  Although Wheeler alleges in a conclusory fashion that he only "became mentally aware that

---

[3]  The FAC appears to allege claims against Schurra exclusively in his official capacity. In any event, the allegations made against Schurra individually are also time-barred as explained below.

he needed to pursue a claim for his damages and injuries" at some time "last year"

-- presumably at some point in 2008 or 2009 -- the record clearly shows otherwise.

By March 2003, Ellis, Wheeler's legal guardian, had actual knowledge of

Wheeler's possible legal claims -- she witnessed the alleged wrongdoings as they

occurred in October 2002 through March 2003.  FAC ¶¶ 95, 96, 97.  As a result,

Wheeler's Count I, II, III, IV, V, and IX claims accrued and the statute of

limitations began to run in March 2003 and expired in March 2005 -- well before

Wheeler filed his Complaint on November 5, 2009.[4]

        Wheeler provides no opposition rebutting this analysis.  Accordingly,

the court finds that no question of material fact remains concerning whether

Wheeler's claims are barred by the statute of limitations.  Accordingly, the court

GRANTS summary judgment to Schurra and Hawaii Air Ambulance on Wheeler's

claims in Counts I, II, III, IV, V, and IX.

### 2.      *Count VIII: Negligence*

        In Count VIII, Wheeler alleges a claim for negligence.  Because

Schurra and Hawaii Air Ambulance are medical providers, Count VIII is a medical

---

[4] None of the exceptions for tolling applies.  Wheeler does not allege that he suffered from insanity, and he was not impacted by infancy or imprisonment during the time period at issue.

tort action.[5]  *See* HRS § 657-7.3.  Wheeler's allegations in Count VIII all concern

conduct that occurred prior to his discharge from Rehab Hospital on March 25,

2003.

      The statute of limitations for medical tort actions is set forth in HRS

§ 657-7.3, which provides that "[n]o action for injury or death . . . shall be brought

more than two years after the plaintiff discovers, or through the use of reasonable

diligence should have discovered, the injury, but in any event not more than six

years after the date of the alleged act or omission causing the injury or death."

Section 657-7.3 provides for tolling of the six-year statute of limitations "for any

period during which the person has failed to disclose any act, error, or omission

upon which the action is based and which is known to the person."  Once a

guardian is appointed to protect the property of a disabled person, however, the

statute of limitations on that disabled person's personal injury claims begins to run

unless the guardianship terms are limited to exclude the power to pursue legal

claims.  *Zator v. State Farm Mut. Auto. Ins. Co.*, 69 Haw. 594, 598, 752 P.2d 1073,

1076 (1988).

      "[T]he discovery rule [in HRS § 657-7.3] prevents the running of the

---

[5]  To the extent any of Wheeler's other claims -- including his battery and false imprisonment claims -- could also be construed as medical tort claims, the court's examination of the statute of limitations applicable to Count VIII applies likewise to those claims.

statute of limitations until [the] plaintiff [has] knowledge of those *facts* which are necessary for an actionable claim before the statute begins to run." *Hays v. City & County of Honolulu*, 81 Haw. 391, 398, 917 P.2d 718, 725 (1996) (internal citations omitted).  The discovery rule does not "delay the start of the limitations period until the plaintiff learns of the legal duty upon which he or she may base a cause of action." *Id.*  In other words, "legal knowledge of defendant's negligence is not required" for a medical tort cause of action to accrue. *Buck v. Miles*, 89 Haw. 244, 249, 971 P.2d 717, 722 (1999) (citing *Hays*, 81 Haw. at 399, 917 P.2d at 726).

In this case, Ellis was appointed as Wheeler's guardian in June 2003. At that time, the two-year statute of limitations began to run by virtue of Ellis' appointment.  Further, by that time, Ellis had actual knowledge of Wheeler's possible legal claims.  Ellis witnessed many of the wrongdoings now complained of at the time they occurred in October 2002 through March 2003.  FAC ¶¶ 95, 96, 97.  Additionally, a report submitted in the guardianship proceedings included information about Wheeler's improper penicillin injection and stated that "[t]he purpose of this guardianship of [Wheeler's] property is to have someone appointed to protect, investigate and pursue possible personal injury claims that the protected person may have against the parties (including Hilo Medical Center, the emergency

room physician, unknown assailant) which have caused his injuries."  FAC Ex. A at 1-2.

As a result of Ellis' appointment in June 2003 and Wheeler's discovery by that time of the injuries at issue, the two-year statute of limitations began to run by June 2003.  The court sees no basis why the six-year statute of limitations or the tolling provision in § 657-7.3 would apply, and Wheeler has provided no argument.  Accordingly, the court GRANTS summary judgment to Schurra and Hawaii Air Ambulance on Count VIII because no question of material fact remains that Wheeler's negligence claim is time-barred.

## V.  CONCLUSION

Based on the above, the court GRANTS Shurra's Motion and GRANTS Hawaii Air Ambulance's Motion.  No counts remain as to Schurra or Hawaii Air Ambulance.  The following counts remain:

1.     Count I as to Smith, and Yu;

3.     Count III as to Smith, Yu, Vea and Cabanting;

4.     Count IV as to Smith, Yu, Vea and Cabanting;

5.     Count V as to Smith, Yu, Vea and Cabanting;

///

///

13

6.      Count VIII as to Smith, Yu, Vea and Cabanting; and

7.      Count IX as to Smith, Yu, Vea and Cabanting.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, August 30, 2010.



                              /s/ J. Michael Seabright
                              J. Michael Seabright
                              United States District Judge

*Wheeler v. Hilo Med. Ctr.*, Civ. No. 09-00533 JMS/KSC, Order: (1) Granting Defendant Ronald Schurra's Motion (Doc. No. 135); and (2) Granting Defendant Hawaii Air Ambulance's Motion (Doc. No. 140)