IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARRELL WILLIAM WHEELER, individually; DARRELL WILLIAM WHEELER, an American with a disability; PAULINE ELLIS, individually and in her capacity as guardian for Darrell William Wheeler and former Hilo Employee, <br><br> Plaintiffs, <br><br> vs. <br><br> HILO MEDICAL CENTER, INC., a public entity, et. al, <br><br> Defendants. <br> _____ | ) CIVIL NO. 09-00533 JMS/KSC <br> ) <br> ) ORDER DENYING MOTIONS FOR <br> ) ENTRY OF SEPARATE JUDGMENT <br> ) PURSUANT TO FEDERAL RULE <br> ) OF CIVIL PROCEDURE 54(b) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### **ORDER DENYING MOTIONS FOR ENTRY OF SEPARATE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

### **I. INTRODUCTION**

On December 3, 2009, Darrell William Wheeler ("Plaintiff") filed a First Amended Complaint alleging various medical malpractice and other claims arising from Wheeler's October 26, 2002 head injury and subsequent medical treatment at various facilities in the State of Hawaii. After the court granted various motions for summary judgment, the prevailing defendants move this court, pursuant to Federal Rules of Civil Procedure Rule 54(b), for an entry of separate

judgment.[1]  Based on the following, the court DENIES this request.

## II. BACKGROUND

On April 27, 2010, the court issued an Order (1) Granting Hilo Medical Center's Motion to Dismiss, (2) Dismissing Plaintiff Ellis' Claims for Lack of Standing, (3) Granting Moving Defendants' Motion to Dismiss as to Counts VI and VII, and (4) Granting Moving Defendants' Motion for Summary Judgment as to Counts I - V, VIII, and IX ("April 27 Order").  The April 27 Order disposed of all claims raised by Plaintiff Pauline Ellis for lack of standing.  The April 27 Order also disposed of all claims against Defendants Hawaii Health Systems, Corporation, dba Hilo Medical Center, Robin A. Edwards, Steven J. Garons, David Y. Nakamura, Meng-Chen Roe, Rehabilitation Hospital of the Pacific, Gerald E. Lau, Mankwan T. Wong, and Queen's Medical Center.

On August 30, 2010, the court issued a similar Order dismissing all claims against Defendants Ronald Schurra and Hawaii Air Ambulance ("August 30 Order").  After the August 30, 2010 Order, the following defendants remained in

---

[1] Defendants Mankwan Wong and Gerald Lau filed the initial Motion for Entry of Separate Judgment Pursuant to Rule 54(b) on August 8, 2010 (Doc. No. 152).  Thereafter, the following defendants joined in the August 8, 2010 Motion: 1) Queen's Medical Center (Doc. No. 154); 2) Hawaii Air Ambulance (Doc. No. 155); 3) David Nakamura, Men-Chen Roe, Robin Edwards, and Steven Garon (Doc. No. 156); 4) Hawaii Health Systems Corporation, dba Hilo Medical Center, and Ronald Schurra (Doc. No. 157); and 5) Rehabilitation Hospital of the Pacific (Doc. No. 158).  For ease of reference, the defendants seeking Rule 54(b) judgments are referred to as "Moving Defendants."

the action: Dr. Gary Smith, Dr. Mihae Yu, Daniel Vea, and Levi Cabuntine.[2]

Plaintiff filed a proof of service as to Drs. Smith and Yu on August 4, 2010, although neither has made an appearance to date.

### III.  STANDARD OF REVIEW

Rule 54 of the Federal Rules of Civil Procedure provides for the entry of judgment in cases involving multiple claims or multiple parties.  It states in relevant part:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[2] Vea and Cabuntine are alleged to have assaulted Wheeler on October 26, 2002, resulting in his severe injuries requiring hospitalization.  First Am. Compl. ¶ 19.

## IV. **DISCUSSION**

The Ninth Circuit has explained the process by which a district court may direct entry of final judgment as to one claim or one party in a multi-claim or multi-party suit:

> A district court must first determine that it has rendered a "final judgment," that is, a judgment that is " 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss-Wright* [*Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)], (quoting [*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)]). Then it must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.' " *Id.* at 8, 100 S.Ct. 1460 (quoting *Mackey*, 351 U.S. at 437, 76 S. Ct. 895). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.' " *Id.* (quoting *Mackey*, 351 U.S. at 438, 76 S. Ct. 895).

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). The court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. As the Supreme Court has noted, however, the absence of one of those

factors would not necessarily preclude certification; "[i]t would, however, require the district court to find a sufficiently important reason for nonetheless granting certification." *Id.* at 8 n.2. *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (stating that certification under Rule 54(b) "is proper if it will aid 'expeditious decision' of the case" (quoting *Sheehan v. Atlanta Int'l. Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987))); *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (holding that claims need not be "separate from and independent of the other claims" to be certifiable under Rule 54(b)). Courts must consider the judicial administrative interest in avoiding "piecemeal appeals," as well as the other equities involved. *Curtiss-Wright*, 446 U.S. at 8. *See also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2659 (1998) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.").[3]

---

[3] As Wright, Miller and Kane also explain:

> The court also must take into account the possible impact of an immediate appeal on the remaining trial proceedings. In this vein, consideration will be given to whether the appeal will have the undesirable effect of delaying the trial of the unadjudicated matters without gaining any offsetting advantage in terms of the simplification and facilitation of that trial.
>
> (continued...)

Granting Rule 54(b) separate judgments in this case would likely result in unnecessary piecemeal appeals. Two medical professionals named in the First Amended Complaint, Drs. Gary Smith and Mihae Yu, have apparently been served, but have failed to make any appearance to date.[4] And because of substantial overlap -- both factually and legally -- between the claims against Drs. Smith and Yu and the claims against the Moving Defendants, entering separate judgments at this time would likely result in two appeals involving the same issues. In other words, the claims against Drs. Smith and Yu are not separate from and independent of the claims brought against the Moving Defendants. Although Plaintiff filed suit against many health care providers, the case is not complex. These circumstances, with a similarity of factual or legal issues, "weigh[s] heavily against entry of judgment under [Rule 54(b)]. *Wood*, 422 F.3d at 882 (quoting *Morrison-Knudson Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

---

[3](...continued)
>Conversely, an early appeal may avoid the need for further proceedings in the district court or may ease significantly the difficulty and complexity of conducting the trial of the unadjudicated claims, thereby supporting immediate review.

10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2659 (1998) (footnotes omitted).

[4] The Moving Defendants incorrectly imply that Drs. Smith and Yu are either no longer part of this case or have not been served and are thus subject to dismissal. Plaintiff, in fact, claims that both Dr. Smith and Dr. Yu have been served. See Doc. Nos. 139, 147-149.

Against the backdrop of two potential duplicative appeals, the Moving Defendants claim that they will be required to report the pendency of this action in relation to any medical licensing, medical license renewal or medical privilege applications. They fall short, however, of articulating how these potential reporting requirements would in fact impose an undue hardship.

Weighing the likelihood of duplicative appeals against the Moving Defendants' claimed hardship, the court finds that denial of entry of separate judgments is in the best interest of sound judicial administration; in short, there is nothing extraordinary about this case to warrant the relief sought. The following motions are DENIED: Doc Nos. 152, 154, 155, 156, 157 and 158.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 21, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Wheeler v. Hilo Med. Ctr.*, Civ. No. 09-00533 JMS/KSC, Order Denying Motions for Entry of Separate Judgment Pursuant to Federal Rule of Civil Procedure 54(b)