IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARRELL WILLIAM WHEELER, individually; DARRELL WILLIAM WHEELER, an American with a disability; PAULINE ELLIS, individually and in her capacity as guardian for Darrell William Wheeler and former Hilo Employee,<br><br>    Plaintiffs,<br><br>    vs.<br><br>HILO MEDICAL CENTER, INC., a public entity, et. al,<br><br>    Defendants.<br>_____ | CIVIL NO. 09-00533 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT DANIEL VEA FOR FAILURE TO SERVE AND TO DISMISS DEFENDANT LEVI CABANTING FOR FAILURE TO PROSECUTE |

FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT DANIEL
VEA FOR FAILURE TO SERVE AND TO DISMISS DEFENDANT LEVI
<u>CABANTING FOR FAILURE TO PROSECUTE</u>

Two Defendants remain in this action: Daniel Vea and Levi Cabanting.  The Court recommends that they be dismissed for the reasons set forth below.

On November 12, 2010, this Court issued an Order Denying Plaintiff Darrell William Wheeler's 1) Motion to Request Entry of Default for Mihae Yu MD and 2) Motion to Request Entry of Default for Daniel Lee Vea, Levy Stanford Cabanting and Hawaii Air Ambulance

Et Al. ("Order").  The Court held, in pertinent part, that:

> Fourth, it is unclear whether Plaintiff has properly served Defendant Daniel Vea, though it appears he has not. On March 10, 2010, Plaintiff filed a proof of service, indicating that his process server mailed documents to Defendant Vea's last known address via United States Postal Service - priority mail with delivery confirmation. However, the Court is unable to ascertain whether Plaintiff has properly served Defendant Vea because 1) the proof of service does not specify whether the documents "served" included the original complaint or the First Amended Complaint; 2) the attached summons was addressed to Hilo Medical Center; and 3) service was effected by mail. The summons, dated November 9, 2009, clearly relates to the original complaint, as the First Amended Complaint was not filed until December 30, 2009.  If the proof of service was intended to evidence service of the original complaint, Defendant Vea was not properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure ("FRCP"). Until this service issue is resolved, the Court declines to enter default against Defendant Vea.

Order at 3-4.  At a status conference on November 23, 2010, the Court directed Plaintiff Darrell William Wheeler ("Wheeler") to perfect service upon Defendant Vea by December 23, 2010, and cautioned Wheeler that

Defendant Vea could be dismissed for Wheeler's failure to effect service in a timely manner.  To date, Wheeler has not provided documentation that he has properly served Defendant Vea.  What is more, at the status conference on January 18, 2011, Wheeler and Plaintiff Pauline Ellis ("Ellis") (collectively "Plaintiffs") stated that they wished to dismiss Defendant Vea.  The Court accordingly recommends that the district court dismiss all remaining claims against Defendant Vea because he has not been properly served under FRCP 4.

     At the January 18, 2011 status conference, Plaintiffs also expressed their desire to dismiss Defendant Cabanting.  Given this representation, and given Plaintiffs' failure to take any further action against Defendant Cabanting, the Court recommends that the claims against Defendant Cabanting be dismissed for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, January 19, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00533 JMS-KSC; Wheeler, et al. v. Hilo Medical Center, Inc., et al.; FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT DANIEL VEA FOR FAILURE TO SERVE AND TO DISMISS DEFENDANT LEVI CABANTING FOR FAILURE TO PROSECUTE